IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:24-cv-00576 |
| Plaintiff, | |
| v. | |
| CALVIN ZASTROW, KENNETH SCOTT, CHESTER GALLAGHER, EVA ZASTROW, AND KATELYN SIMS AKA KATELYN VELASCO, | AMENDED COMPLAINT |
| Defendants. | |

The United States of America, by the undersigned counsel, asserts a civil cause of action seeking damages and injunctive relief under the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248.

1. In bringing this action, the United States alleges that: (1) Defendants Calvin Zastrow, Kenneth Scott, Chester Gallagher, Eva Zastrow, and Katelyn Sims, have committed, and are likely to continue to commit, violations of the FACE Act; and (2) various persons who provide or obtain reproductive health services are being, have been, and will continue to be injured, intimidated, and/or interfered with by the Defendants' conduct.

I. **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to the FACE Act, 18 U.S.C. § 248 and 28 U.S.C. § 1345.

3. The United States is authorized to bring this action pursuant to the FACE Act, 18 U.S.C. § 248(c)(2).

4. Venue is proper in this judicial district, under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

## II. PARTIES

5. Plaintiff is the United States of America.

6. Upon information and belief, Defendant Calvin Zastrow resides in Michigan.

7. Upon information and belief, Defendant Kenneth Scott resides in Florida.

8. Upon information and belief, Defendant Chester Gallagher resides in Tennessee.

9. Upon information and belief, Defendant Eva Zastrow resides in Michigan.

10. Upon information and belief, Defendant Katelyn Sims resides in Texas.

## III. FACTUAL BACKGROUND

11. It is a violation of the FACE Act if a person:

> by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services. . . .

2

18 U.S.C. § 248(a)(1).

12. The Fort Myers Health Center, operated by Planned Parenthood, provides reproductive health services as that term is defined in the FACE Act, 18 U.S.C. § 248(e)(5).

13. On January 27, 2022, Defendants Calvin Zastrow, Kenneth Scott, Chester Gallagher, Eva Zastrow, and Katelyn Sims's unlawful trespass at the Fort Myers Health Center in Fort Myers, Florida resulted in a temporary halt of operations at the facility.

14. On January 27, 2022, at approximately 7:15 a.m., Planned Parenthood Security Coordinator Christopher Clark arrived at the Fort Myers Health Center.

15. About 30 minutes later, Clark noticed several cars with out-of-state license plates parked across from the Fort Myers Health Center and several anti-abortion protestors.

16. At approximately 8:25 a.m., Clark contacted a member of the Fort Myers Health Center Office leadership and advised them to notify all employees reporting to work that day to park in the neighboring tile outlet parking lot and wait for Clark to escort employees into the Fort Myers Health Center.

17. Clark escorted several employees into the Fort Myers Health Center that morning through the back side door.

18. While Clark escorted a Fort Myers Health Center employee into the facility, several protestors got close to them and yelled at them that they were a murderer and to burn in hell.

19. A Planned Parenthood doctor works at the Fort Myers Health Center and was scheduled to arrive at the facility before 9:00 a.m.

20. The doctor was told to wait in the car because of the protestors and was unable to enter the Fort Myers Health Center until approximately 10:30 a.m.

21. Protestors yelled "baby murderer and you're going to hell" at the doctor.

22. The Lee County Sherriff's Office (LCSO) received reports from the Fort Myers Health Center that protestors were preventing individuals seeking services from entering the building.

23. LCSO deputies responded to the Fort Myers Health Center.

24. While LCSO deputies were present, several protestors, including Defendants Eva Zastrow, Katelyn Sims, and Calvin Zastrow, walked onto the Fort Myers Health Center property.

25. LCSO deputies and Clark told the protestors to leave the property and warned that they were trespassing.

26. The protestors continued walking on the property and headed to the front door of the Fort Myers Health Center.

27. LCSO deputies repeated their warnings and tried to block the protestors, but the protestors continued to the front door of the Fort Myers Health Center yelling at deputies that "they are killing babies inside and you are not doing anything about it."

28. Several protestors, including Defendants Eva Zastrow, Katelyn Sims, and Calvin Zastrow, then stood and sat in front of the front door of the Fort Myers Health Center.

29. While the protestors, including Defendants Eva Zastrow, Katelyn Sims, and Calvin Zastrow, were blocking the front door of the Fort Myers Health Center, a patient arrived.

30. As the patient tried to enter the front door of the Fort Myers Health Center, Defendant Eva Zastrow tried to shove the door closed.

31. Because of Defendant Eva Zastrow's actions, Clark had to pry the door open to allow the patient to squeeze past the protestors and enter the front door of the Fort Myers Health Center.

32. LCSO deputies picked Defendant Eva Zastrow up from the ground of the front door and arrested her for trespassing.

33. LCSO deputies asked Defendant Calvin Zastrow, who was sitting in front of the front door of the Fort Myers Health Center, to leave.

34. Defendant Calvin Zastrow refused to leave.

35. LCSO deputies picked Defendant Calvin Zastrow up from the ground and arrested him for trespassing.

36. LCSO deputies picked up Defendant Katelyn Sims from the ground in front of the front door of the Fort Myers Health Center and arrested her for trespassing.

37. LCSO deputies also arrested several protestors, who were minors at the time, for trespassing.

38. At approximately 8:53 a.m., Defendants Kenneth Scott and Chester Gallagher attempted to enter the back side door of the Fort Myers Health Center.

39. When Defendants Kenneth Scott and Chester Gallagher could not open the door because it was locked, they began shoving signs under the door.

40. Fort Myers Health Center employees were frightened by Defendants Kenneth Scott's and Chester Gallagher's attempts to enter the back side door.

41. Fort Myers Health Center employees took actions in case they needed to protect themselves, such as grabbing a scalpel, taking apart an IV pole to use as a weapon, and holding a large metal sign to prepare to block the back side door.

42. Clark and LCSO deputies came to the side door of the Fort Myers Health center and witnessed Defendants Kenneth Scott and Chester Gallagher blocking the back side door.

43. Defendants Kenneth Scott and Chester Gallagher refused to move, saying "take me to jail they are killing babies."

44. LCSO deputies arrested Defendants Kenneth Scott and Chester Gallagher for trespassing.

45. Defendants' actions stopped operations at the Fort Myers Health Center for at least one hour.

46. Several patients had their appointments rescheduled or cancelled.

47. A Fort Myers Health Center employee quit working for the Fort Myers Health Center, after eight years, due to the protestors' actions on January 27, 2022.

48. On June 14, 2023, Defendants Calvin Zastrow, Chester Gallagher, Eva Zastrow, and Katelyn Sims, were tried before a jury in the County Court of the Twentieth Judicial Circuit in and for Lee County, Florida and were each found guilty of trespass upon the property of the Fort Myers Health Center on January 27, 2022.

49. On August 2, 2023, Defendant Kenneth Scott appeared before a judge of the County Court of the Twentieth Judicial Circuit in and for Lee County, Florida and entered a plea of *nolo contendere* to a charge of trespass upon the property of the Fort Myers Health Center on January 27, 2022, and was found guilty thereof.

50. Through the actions described above, Defendants Calvin Zastrow, Kenneth Scott, Chester Gallagher, Eva Zastrow, and Katelyn Sims, by force or threat of force or by physical obstruction: (1) intentionally injured, intimidated, or interfered with, or attempted to injure, intimidate or interfere with, persons because those persons were, or had been, obtaining or providing reproductive health services; or (2) intimidated such persons or any other person or class of persons from obtaining or providing reproductive health services.

51. Defendants Calvin Zastrow, Kenneth Scott, Chester Gallagher, Eva Zastrow, and Katelyn Sims's unlawful actions at the Fort Myers Health Center, resulting in the temporary closure of operations at the Fort Myers Health Center,

made ingress to or egress from the Fort Myers Health Center impassable and/or rendered passage unreasonably difficult or hazardous.

52. Defendant Calvin Zastrow has been charged several times in different states including for disorderly conduct, criminal trespass, invasion of privacy, and obstruction of clinic access. Calvin Zastrow has been convicted of trespassing in Fort Myers, Florida.

53. Defendant Kenneth Scott has been charged several times in different states including for trespassing and disorderly conduct. Scott has been convicted of damage to private property, trespassing, disturbing the peace, public peace, and harassment crimes against a person, and disorderly conduct in Colorado, and resisting arrest in New York.

54. Defendant Chester Gallagher has been charged several times in different states, including for trespass, invasion of privacy, obstructing access to health services, and conspiracy against the rights of citizens and access to a clinic. Gallagher has been convicted of trespassing in South Carolina, California, and Florida.

55. Defendant Eva Zastrow has been charged several times in different states, including for trespassing, invasion of privacy, intimidation (violation of the FACE Act), and conspiracy against rights of citizens. Eva Zastrow has been convicted of trespassing in Fort Myers, Florida.

**Count I**
**Physical Obstruction, Force, or Threat of Force**
**18 U.S.C. § 248(a)(1), 248(c)(2)(B)**
**Civil Penalties and Damages**
**(All Defendants)**

56. The United States incorporates herein the averments of paragraphs 1 through 55.

57. Defendants' conduct as described in paragraphs 1 through 55 constitutes a physical obstruction that intentionally intimidated or interfered with persons, or an attempt to intimidate and/or interfere with such persons, because they were or had been obtaining reproductive health services, or in order to intimidate such persons from obtaining reproductive health services at the Fort Myers Health Center in violation of 18 U.S.C. § 248(a)(1).

58. As a result of the foregoing, Defendants are liable to the United States for (1) a civil penalty in the amount of not more than $20,516 for first violations and not more than $30,868 for subsequent violations, pursuant to 18 U.S.C. § 248(c)(2)(B)(i)-(ii) and 28 C.F.R. § 85.5, and (2) damages in the amount of $5,000.00 for each person aggrieved by Defendants' actions, pursuant to 18 U.S.C. § 248(c)(2)(B).

**Count II**
**Physical Obstruction, Force, or Threat of Force**
**18 U.S.C. § 248(a)(1), 248(c)(2)(B)**
**Injunctive Relief**
**(All Defendants)**

9

59. The United States incorporates herein the averments of paragraphs 1 through 55.

60. Defendants' conduct as described in paragraphs 1 through 55 constitutes a physical obstruction that intentionally intimidated or interfered with persons, or an attempt to intimidate and/or interfere with such persons, because they were or had been obtaining reproductive health services, or in order to intimidate such persons from obtaining reproductive health services at the Fort Myers Health Center in violation of 18 U.S.C. § 248(a)(1).

61. Defendants' conduct as described in paragraphs 1 through 55 constitutes a physical obstruction that intentionally intimidated or interfered with persons, or an attempt to intimidate and/or interfere with such persons, because they were or had been providing reproductive health services, or in order to intimidate such persons from providing reproductive health services at the Fort Myers Health Center in violation of 18 U.S.C. § 248(a)(1).

62. As a result of the foregoing, unless enjoined by this Court pursuant to 18 U.S.C. § 248(c)(2)(B), Defendants will continue to violate the FACE Act in the manner set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests judgment in its favor and against Defendants as follows:

      A.    On Count I, impose a civil penalty on Defendants of not more than $20,516 for first violations and not more than $30,868 for subsequent violations, pursuant to 18 U.S.C. § 248(c)(2)(B)(i)-(ii) and 28 C.F.R. § 85.5, and order damages in the amount of $5,000.00 for each person aggrieved by Defendants' actions, pursuant to 18 U.S.C. § 248(c)(2)(B);

      B.    On Count II, order appropriate injunctive relief pursuant to 18 U.S.C. § 248(c)(2)(B).

Respectfully submitted,

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney<br>Middle District of Florida | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| YOHANCE PETTIS<br>Deputy Chief, Civil Division<br>United States Attorney's Office | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| | MAURA M. KLUGMAN<br>Deputy Chief<br>Special Litigation Section |

 /s/ *Kelley Howard-Allen*                              /s/ *Haley Van Erem*
KELLEY HOWARD-ALLEN                          HALEY VAN EREM
Assistant United States Attorney                    *Lead Counsel*
Middle District of Florida
Florida Bar No. 0085464                                RICHARD C. GOEMANN
400 North Tampa Street, Suite 3200          EILEEN ULATE
Tampa, FL 33602                                              Trial Attorneys
(813) 274-6000                                                  Special Litigation Section
Kelley.Howard@usdoj.gov                            Civil Rights Division
                                                                            U.S. Department of Justice
                                                                            950 Pennsylvania Avenue, N.W. – 4CON
                                                                            Washington, DC 20530
                                                                            (202) 598-5016
                                                                            Haley.Vanerem@usdoj.gov