UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No.:  2:24-cv-576-JLB-KCD

CALVIN ZASTROW, KENNETH
SCOTT, CHESTER GALLAGHER,
EVA ZASTROW and KATELYN
SIMS,

    Defendants.
_____/

## ORDER

The United States sues several individuals involved in an anti-abortion protest. Defendants have moved to dismiss the complaint on various grounds. (Docs. 18, 22.) They now ask the Court to continue the case management conference and stay discovery until it has addressed the motions to dismiss. (Doc. 34 at 5.) The United States responded in opposition (Doc. 38), making this matter ripe. For the reasons below, the motion is denied.

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant establishes good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9,

2016). But staying discovery pending a motion to dismiss is the exception, not the rule. This is because suspending discovery for an indefinite period "tend[s] to delay resolution of cases." *Fetchick v. Eslinger*, No. 6:15-CV-96-ORL-28TBS, 2016 WL 8929252, at *1 (M.D. Fla. Jan. 11, 2016); *see also* Middle District of Florida, Civil Discovery Handbook, *E. Timeliness and Sanctions*.

In deciding whether to stay discovery pending the resolution of a motion, the court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, "it is necessary for the [c]ourt to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. A "motion to stay discovery … is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008).

The Court will not continue the case management conference, nor stay discovery here. There is no clear indication that the claims brought are frivolous. Defendants argue that the statute sued under—the Freedom of Access to Clinic Entrances Act ("FACE Act")—is unconstitutional. (*See* Docs. 18, 22.) But the Eleventh Circuit upheld the FACE Act against similar challenges. *See Cheffer v. Reno*, 55 F.3d 1517, 1519 (11th Cir. 1995). And while

2

there is no longer a federal right to abortion, that may not alter the outcome. *See, e.g., United States v. Gallagher*, 680 F. Supp. 3d 886, 905 (M.D. Tenn. 2023) (upholding FACE Act under "Congress's power to regulate the healthcare industry [through] the Commerce Clause").

Given this case could proceed in some form, Defendants have not "satisf[ied] the high standard required to stay discovery pending the resolution of a dispositive motion." *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2023 WL 1797171, at *2 (M.D. Fla. Feb. 7, 2023); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (rejecting stay where "there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims").

Defendants also emphasize that they have been criminally convicted and are awaiting sentencing, which could impair their participation in discovery. (Doc. 34 at 3-7.) But Defendants do not explain how the criminal prosecutions affect the timing of discovery or present good cause. Delaying discovery will not seemingly improve Defendants' availability. Defendants also argue that discovery will compromise their rights against self-incrimination. (*Id.* at 3.) But similarly, they do not explain how. In the Court's view, concerns "about the breadth of discovery … are better addressed through motion practice and

not simply stopping discovery." *Riley v. Marceno*, No. 2:23-cv-981-JLB-KCD, 2024 WL 3252919, at *1 (M.D. Fla. July 1, 2024).

Accordingly, Defendants' Joint Motion to Adjourn Case Management Conference (Doc. 34) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 17, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record